### AUBREY et al. v. DEGGS.
#### No. 1562.

Court of Appeal of Louisiana. First Circuit.
Feb. 20, 1936.

Chas. T. Wortham, of Donaldsonville, for appellants.

George R. Blum, of Donaldsonville, for appellee.

DORE, Judge.

This is a boundary suit, the object of which is to have the limits judicially established between the adjoining estates.

Plaintiffs allege, in their petition, that they endeavored to have an amicable adjustment of the line made by an extra-judicial survey, but that the defendant "fails and refuses to have the matter settled in an amicable manner," and that it becomes necessary to have a judicial survey made, and accordingly petitions the court to appoint a surveyor for that purpose in order to correctly establish the line of division.

The defendant at first interposed a plea of thirty years' prescription, and which plea, according to the minutes, was not disposed of by the lower court. We then find that the defendant answered, denying in toto the allegations of plaintiffs' petition, and further answered to the effect that a ditch, approximately six feet from a line of trees, constituted the boundary line between the property of plaintiffs and that of defendant; that defendant had been in possession of all such real property on the upper side of the ditch for more than thirty years; that the said ditch constituted the boundary line; and that no new boundary, nor a survey thereof, was necessary. Defendant reconvened for damages caused by plaintiffs by the illegal cutting of trees upon her property.

From a judgment maintaining the ditch and the plea of thirty years' prescription, dismissing plaintiffs' suit, plaintiffs appealed.

The plaintiffs having proved all such necessary facts as may be necessary in an action of boundary, we now pass to the defense urged by the defendant.

Rev.Civ.Code, art. 826, defines that which is usually understood as a boundary to be as follows:

"By boundary is understood, in general, every separation, natural or artificial, which marks the confines or line of division of two contiguous estates. Trees or hedges may be planted, ditches may be dug, walls or inclosures may be erected, to serve as boundaries.

"But we most usually understand by boundaries, stones or pieces of wood inserted in the earth on the confines of two estates."

It can be seen that "ditches may be dug" as a boundary, but the evidence must establish the fact that it was the intention in the "digging" of the ditch that it was to be the boundary line or limits.

720

On October 2, 1855, Manuel Truxillo and Joseph Truxillo were owners in indivision of a certain tract of land situated on the left descending bank of Bayou Lafourche, having a front of seven arpents by a depth of twenty-eight arpents. They appeared before a notary public, and in the act of partition Manuel Truxillo, the ancestor in title of defendant, was allotted the upper half of the said property, and Joseph Truxillo, the ancestor in title of plaintiffs, was allotted the lower half—all without designation of any particular division line nor the mention of any ditch or further description. Throughout the several transfers thereafter, the properties in question have always been described as being bounded on each other without reference to any particular division line or ditch as now claimed.

■ The evidence is to the effect that this ditch was constructed, in the beginning, while the properties were as a whole, as a drainage ditch, and did not go very far to the rear, going only to the swamps. Even defendant, in her testimony, did not claim it as a dividing line, testifying that her father and she had cultivated some of the property on the lower side of the ditch. Quoting from defendant's testimony, (transcript, p. 80), we find the following: "Q. All the property you owned, since your father died was on the upper side of the ditch; is that correct? A. Yes, and some on the lower side of the ditch; they worked some land on the lower side. The ditch isn't exactly on the line; the ditch is part in the yard and part in the field."

Most of defendant's witnesses are to the same effect; that is, that the ditch has never been regarded as the boundary line, and that the ditch did not extend all of the way to the rear, but gave out before reaching the rear limits of the property. Defendant, in fact, testified that in one place plaintiffs cultivated on the upper side of the ditch, and witnesses for defendant speak of a place where it depended upon which one of the two proprietors would first cultivate the place for that particular year; in other words, if plaintiffs cultivated it first, it was their crops, but, if defendant plowed it first, she continued for the year, and that had been followed for years. The ditch, according to the surveyor appointed by the court, was very irregular, "in some places on one side and in other places on the other side of the line." Between points E and F on his plat or map of survey, the surveyor testified that the ditch was some twenty to twenty-five feet above the line as established by him, and that the Deggs were cultivating the same. We are therefore fully satisfied that the ditch was never recognized by either party as the division line.

■ Defendant, in her answer, has interposed the plea of prescription of thirty years as provided for by Rev.Civ.Code, art. 852. This article was considered and construed in the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482. In that case, defendant possessed as far as a certain fence, and which fence was a visible bound, and could not be denied. In the case of De Bakey v. Prater (La.App.) 147 So. 734, the defendant likewise possessed by a visible bound. In the case at bar, the defendant does not claim to possess according to the ditch, but contends that she possessed beyond the lower limits of the ditch, and that she and plaintiffs would alternate in the cultivation of certain parts of the field. Furthermore, there is no evidence in the record to show when the said ditch was extended to a cross-ditch in the rear. In order to take advantage of the prescription of thirty years as provided for by article 852, the defendant was called upon to prove that the ditch was the boundary, and that she possessed to it. She destroyed her contention by her testimony heretofore quoted. It is therefore our opinion that the plea of thirty years' prescription, as provided by article 852, is not well founded by the facts in this case.

The judgment of the lower court being erroneous, it is reversed, and judgment rendered for plaintiffs as prayed for.

It is for these reasons ordered, adjudged, and decreed that there be judgment herein in favor of plaintiffs and against the defendant, sustaining the surveyor's report, and that the line established by the said surveyor be recognized as the true and exact boundary line between the two estates in question, all at the costs of the defendant herein, including the fees and costs of the surveyor.

Reversed and rendered.

OTT, J., did not participate.